WILSON & BAILLIE MFG. CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

TRIAL—DIRECTING VERDICT.

· Where the court directs a verdict for plaintiff, without submitting anything to the jury, so that Code Civ. Proc. § 1187, providing that on a special verdict the court may direct a general verdict, does not apply, and the verdict is not directed "subject to the opinion of the court," so that section 1185, providing that in such case the court can set aside the verdict and direct a judgment, does not apply, it cannot, after the trial has closed and the jury been discharged, set aside the verdict, and direct one for defendant; but it can merely set it aside and grant a new trial.

Appeal from Trial Term.

Action by the Wilson & Baillie Manufacturing Company against the city of New York. From an order setting aside a verdict directed for plaintiff, and directing a verdict for defendant, and from the judgment entered thereon plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

L. Laflin Kellogg, for appellant.

Theodore Connoly, for respondent.

McLAUGHLIN, J. This action was tried on the 12th and 13th of March, 1907. At the conclusion of the trial, the learned justice sitting at Trial Term directed a verdict in favor of the plaintiff for $8,-179.90, and denied defendant's request to go to the jury. Thereupon the defendant moved to set aside the verdict, which motion was entertained, and on the 4th of April following the verdict was set aside and a verdict directed for defendant.

The trial had closed, and the jury been discharged, and it is difficult to see, under such circumstances, how the court could direct a verdict for the defendant. The learned justice did not direct the jury to render a verdict "subject to the opinion of the court" as he might have done under section 1185 of the Code of Civil Procedure. Had he done so, then he could at the same term have set aside the verdict and directed a judgment—not a verdict—to be entered for either party, with like effect and in like manner as if such direction had been given at the trial. Nor is this view in any way in conflict with the case called to our attention upon the argument. Williams v. City of New York, 118 App. Div. 756, 104 N. Y. Supp. 14. There defendant moved for the direction of a verdict upon certain grounds. The court reserved decision upon that motion, stating that he did so under section 1187 of the Code, and sent the case to the jury to pass solely upon the question of damages. The jury found a verdict in favor of the plaintiff, which was subsequently set aside, and a verdict directed for defendant. This section of the Code gave the learned justice the right to reserve his decision until the damages had been assessed. It provides, among other things, that:

"After the jury shall have rendered a special verdict upon such submission, or shall have assessed the damage, the court may then pass upon the

motion to non suit or direct such general verdict as either party may be entitled to."

Here the court did not submit anything to the jury, so that section 1187 does no apply. He did not direct the jury to render a verdict subject to the opinion of the court, and therefore section 1185 does not apply. I know of no authority for the practice here adopted. It, in effect, deprived the plaintiff of the right to make a request to go to the jury, inasmuch as there was no occasion at the close of the trial to make such request as the verdict was directed in its favor. When a verdict was directed for the defendant, the jury was discharged, and therefore a request would have been unavailing. A motion having been made to set aside the verdict, the learned justice had the power to grant that motion and order a new trial, and this, I think, is all that could be done.

Other questions were discussed upon the argument of the appeal, which went to the merits of the action; but, inasmuch as there must be a new trial, it does not seem to be advisable to attempt to pass upon them at this time.

The judgment and order appealed from are reversed, and a new trial ordered, with costs and disbursements to the appellant to abide the event of the action. All concur.