(157 App. Div. 294.)

POLO v. D'ACHILLE et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1913.)

1. ARREST (§ 40*)—CIVIL ACTION—FRAUD.

Under Code Civ. Proc. § 549, providing that a defendant may be arrested in an action upon a contract where it is alleged in the complaint that he was guilty of a fraud in incurring the liability, and since the making of the contract or in contemplation thereof has removed and disposed of his property with intent to defraud his creditors, the plaintiff in such action is bound to prove actual fraud.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 94; Dec. Dig. § 40.*]

2. JUDGMENT (§ 338*)—SETTING ASIDE—POWER OF COURT.

Under Code Civ. Proc. § 1187, providing that, where a jury finds a general verdict, the court may direct it to find specially upon questions of fact, and when a motion is made for nonsuit or dismissal, the court may pending the decision of such motion submit any question to the jury, and then pass upon the motion, the court is without power to set aside a judgment and verdict and direct judgment absolutely for the defendant, where decision was not reserved upon defendant's motion to dismiss the complaint, made after close of the entire case, but the motion was immediately denied.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 721; Dec. Dig. § 338.*]

3. NEW TRIAL (§ 117*)—MOTION—TIME FOR.

Under Code Civ. Proc. § 999, providing that the judge presiding at a trial by jury may in his discretion entertain a motion made upon his minutes at the same term to set aside the verdict and dismiss the complaint, a motion for a new trial on the minutes cannot be entertained after the expiration of the trial term.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 238–241; Dec. Dig. § 117.*]

4. NEW TRIAL (§ 133*)—MOTION ON MINUTES—EXCEPTION.

Upon motion for a new trial on the minutes, only those exceptions taken in accordance with Code Civ. Proc. §§ 992, 995, providing for the taking of exceptions during trial before verdict, can be considered.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 270–272; Dec. Dig. § 133.*]

5. ARREST (§ 40*)—CIVIL ACTION—FRAUD—EVIDENCE—SUFFICIENCY.

In an action begun by arrest, where plaintiff claimed that the defendant had fraudulently conveyed and concealed his property after giving

the notes sued upon, evidence *held* to sustain a finding that defendant had disposed of his property as claimed.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 94; Dec. Dig. § 40.*]

6. ARREST (§ 16*)—CIVIL ACTION—FRAUDULENT CONVEYANCE.

In an action upon notes begun by arrest of defendant whom plaintiff claimed had fraudulently disposed of his property, it is no defense that the property was located in a foreign jurisdiction, where the indebtedness was incurred in the domestic state where parties resided, and the fraudulent intent was therein conceived.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 44–46; Dec. Dig. § 16.*]

7. ARREST (§ 40*)—CIVIL ACTION—VERDICT—SPECIAL FINDINGS—CONSTRUCTION.

In an action upon notes begun by arrest, plaintiff claiming that defendant had disposed of his property with intent to defraud, there was a general verdict for plaintiff and the jury answered in the affirmative a question whether defendant had fraudulently disposed of property in a foreign jurisdiction, but answered in the negative a special interrogatory as to whether he had disposed of three stores with intent of defrauding plaintiff and purchased tickets upon a steamship with the intention of not returning to the country. *Held*, that the answer to the second interrogatory was not a finding that the defendant had not fraudulently disposed of the property within the jurisdiction, and did not so conflict with the other finding and general verdict as to require judgment for defendant.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 94; Dec. Dig. § 40.*]

Appeal from Trial Term, Kings County.

Action by Andrew Polo against Domenico D'Achille and another. From a judgment for defendant rendered upon a motion to set aside a verdict for plaintiff and an order dismissing the complaint, plaintiff appeals. Judgment and order reversed, and the verdict and a judgment for plaintiff reinstated.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Alvin C. Cass, of New York City, for appellant.

James C. Danzilo, of Brooklyn, for respondents.

BURR, J. On November 8, 1908, Nunzio D'Achille and Domenico D'Achille signed and delivered two promissory notes by each of which they promised to pay on November 24, 1909, to the order of plaintiff the sum of 4,000 lire, Italian money, equivalent to $800 in American currency. Plaintiff brings this action to recover upon said notes, and alleges that since the making of said notes defendants have transferred certain business properties situated in the borough of Brooklyn, and that defendant Domenico D'Achille has transferred certain real property at Bitetto, province of Bari, kingdom of Italy, with intent to defraud their creditors, and particularly the plaintiff. Both defendants appeared and answered the complaint, admitting the execution of the notes, but denying that there was any consideration therefor, and denying each of the other allegations of the complaint. There was also a plea in bar of a former adjudication. As no evidence was offered in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

support of this plea, it demands no present consideration. Upon the trial Nunzio D'Achille did not appear in person, and it developed that he had been indicted for a crime, had given bail, and had then fled from this jurisdiction.

[1] In an action of this character plaintiff cannot recover, unless he proves the fraud upon the trial of the action. Code Civ. Proc. § 549. At the close of the trial, in addition to taking a general verdict, the learned trial justice instructed the jury to find specifically upon two questions of fact stated in writing. Code Civ. Proc. § 1187. The specific questions submitted to the jury, and its answers thereto, were as follows:

"First. Q. Did the defendant Domenico D'Achille transfer and sell the stores 219 Lynch street, 103 Harrison avenue, 130 Harrison avenue, 237 Lee avenue, 136 and 137 Wallabout street, all in the borough of Brooklyn, or either one of them, and purchase tickets to sail on the steamship Moltke on October 1, 1912, with the intention of not returning to this country, and were transfers made with the purpose of preventing this plaintiff from recovering on any judgment or defrauding the plaintiff? A. No.

"Second. Q. Did the defendant Domenico D'Achille transfer real estate situated in the kingdom of Italy without consideration and with the intent to defraud the claim of the plaintiff? A. Yes."

The general verdict was in favor of plaintiff for the amount of the notes. This verdict was rendered December 4, 1912, and on December 6, 1912, judgment seems to have been entered thereon. Thereafter, on motion of defendants' attorney, on January 13, 1913, an order was entered to the effect:

"That the verdict of the jury on the finding of fraud be and the same hereby is vacated and set aside on the ground that the same is contrary to the law, and contrary to the evidence and the weight of evidence, in that the transfer of defendants' property in Italy could not have been made in fraud of creditors if defendants had property in this state, and that plaintiff's evidence not only failed to establish that defendant had no property in this state but rather tended to show the contrary."

The same order set aside and vacated the judgment entered in favor of plaintiff on December 6, 1912, and contained this further provision:

"Ordered that the complaint of the plaintiff be dismissed with costs under the provisions of subdivision 4 of section 549 of the Code of Civil Procedure."

Judgment was thereupon entered in defendants' favor, and from the said judgment and order plaintiff appeals to this court.

The order cannot be sustained. No motion was made at the close of plaintiff's case to dismiss the complaint.

[2] At the close of the entire case such a motion was made, but without stating any grounds therefor. Decision was not reserved, but the motion was promptly denied, and no exception was taken. Under such circumstances, and particularly after the entry of judgment upon the general verdict, the court had no power to set this judgment and verdict aside and direct judgment absolutely for defendant. Code Civ. Proc. § 1187; Wilson & Baillie Mfg. Co. v. City of New York, 122 App. Div. 621, 107 N. Y. Supp. 524; Levy v. Grove Mills Paper Co., 80 App. Div 384, 80 N. Y. Supp. 730.

[3] Further, the learned justice presiding at the Trial Term had no power at that time to entertain a motion for a new trial on the minutes. Such a motion must be made at the same term at which the verdict was rendered. Code Civ. Proc. § 999. The record upon this point is not entirely clear, but apparently this motion was not made at the December term of the court at which the case was tried, but in the succeeding January.

[4] But, if the motion had been seasonably made, upon the merits we think that the order was not properly granted. Such a motion, if based upon exceptions, could only be made upon such exceptions as were taken before the jury rendered its verdict. Code Civ. Proc. §§ 992, 995. None are indicated. Neither was the verdict contrary to the evidence or contrary to the law.

[5] The making of the notes was admitted in the answer. While some evidence was introduced by defendants bearing upon the question of consideration, the overwhelming weight thereof was to the effect that the notes were given to indemnify plaintiff for liabilities which he had incurred for counsel fees, for services rendered to defendant Nunzio D'Achille in connection with the defense of a criminal indictment for rape, and as indemnity for liability upon a bail bond in which plaintiff was named as surety. The bail bond was forfeited, judgment was entered against plaintiff thereon for $1,500, which judgment was subsequently discharged by payment, and plaintiff advanced for counsel fees in the case above referred to the sum of $500. The general verdict was therefore fully warranted, so far as the question of consideration is concerned. The finding that defendant Domenico D'Achille had transferred certain valuable real property in Italy with intent to defraud plaintiff was also satisfactorily established. There was no dispute as to the fact of the conveyance on December 14, 1909, which was more than a month after the notes were given, and subsequently to Nunzio D'Achille's disappearance, and it was admitted that by this conveyance said Domenico had divested himself of his entire property there situated. Defendant gave some evidence as to the purpose of this conveyance, which was conflicting in character. At one time he stated that he had sold the property because he needed the money for himself and his family, and at another time that it was in satisfaction of a debt contracted eight or ten years before. As against these contradictory statements, there is testimony on the part of the plaintiff which defendant Domenico, although thereafter called to the witness stand, did not expressly deny, to the effect that after Nunzio's disappearance, and when plaintiff was endeavoring to ascertain his whereabouts, Domenico made false statements to plaintiff as to his brother's disappearance and as to his location on several different occasions, and that finally, after the lapse of a considerable time, he told him that his brother Nunzio by his directions had gone to Italy to escape punishment under the criminal charge, and that he, Domenico, had made to plaintiff these false statements as to his brother's whereabouts to enable him to reach Italy and transfer Domenico's property there. In response to a statement by plaintiff that he was going to Italy to there attempt to collect these notes, said Domenico replied:

"When you go there, you will find everything is sold, because I give order my brother shall sell everything in the family."

The evidence permitted no other finding than that made by the jury in answer to the second specific question submitted to them, that the conveyance of this property in Italy was with intent to defraud plaintiff.

[6] The fact that this property thus disposed of was not situated within this state makes no difference—at least where, as in this case, the indebtedness arose here, between parties resident here, the fraudulent intent was conceived here, and the remedy was sought within this jurisdiction. Claflin v. Frenkel, 29 Hun, 288; Brown v. Ashbough, 40 How. Prac. 226, on page 241; Kibbe v. Wetmore, 18 Wkly. Dig. 475; Story on Conflict of Laws (8th Ed.) §§ 571, 572.

[7] The recital contained in the order quoted as above is not only contrary to the express finding of the jury, but to all of the credible evidence in the case. Plaintiff alleged in his complaint that in addition to the transfer of the real property in Italy defendants had transferred, with like fraudulent intent, certain business enterprises conducted by them at the places designated in the first specific question submitted to the jury. It appeared that in the basement of each of the premises named a petty retail coal and ice business was carried on. Although plaintiff endeavored to show defendants' ownership thereof, the evidence was insufficient to establish the fact. Defendant testified that he never owned but one store in Brooklyn, and the learned trial court charged the jury that such was the effect of the evidence. This store was not located at either of the places named. There was a chattel mortgage on this property for $235, and it was sold for $500. There was no evidence that this was an inadequate consideration. The question submitted to the jury as to the transfer of property in the borough of Brooklyn was awkwardly framed. It involved several distinct propositions. Unless each could be answered in the affirmative, the answer to the question as a whole must necessarily be in the negative. The evidence above referred to, and the charge of the learned trial justice, acquiesced in by both counsel, make it perfectly apparent that the jury did not intend to say that defendant Domenico D'Achille owned and still owned these various properties, but that the evidence of plaintiff that he had fraudulently transferred them was insufficient because it did not appear that they had ever belonged to him. The evidence and the finding do not sustain the recital in the order "that defendant had no property in this state, but rather tended to show the contrary." That he had no property in this state is exactly what was shown. One could not fraudulently transfer what he never owned, and manifestly this is the clear meaning of the special finding of the jury when read in the light of the evidence.

The verdict was a just one. The order setting aside said verdict and dismissing plaintiff's complaint, and the judgment in favor of defendants entered thereon, should be reversed, and the verdict in favor of plaintiff and the judgment entered thereon against defendants should be reinstated, with costs. All concur.