(157 App. Div. 300.)

POLO v. D'ACHILLE et al.

(Supreme Court, Appellate Division, Second Department.   May 29, 1913.)

HABEAS CORPUS (§ 67*)—PROCEEDINGS—VALIDITY.

> Code Civ. Proc. § 2017, provides that an application for a habeas corpus to inquire into the cause of detention must be made by written petition, except under section 2025, which provides for the issuance of the writ without application, where a justice of the Supreme Court has evidence that a person is illegally restrained of his liberty; however, the issuance of the writ is not waived, and under section 1998 the person to whom it is addressed must make return thereto forthwith or within the time specified; consequently, under section 2038, providing that, where it appears from the return that the prisoner is in custody by virtue of a mandate in a civil action, an order for his discharge shall not be made until notice of the time when the writ is returnable is given to the person who has an interest in continuing the imprisonment, a prisoner held under a civil mandate brought in upon a writ of habeas corpus ad testificandum cannot be liberated by the court without notice.

> [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 61; Dec. Dig. § 67.*]

Appeal from Special Term, Kings County.

Action by Andrea Polo against Domenico D'Achille and another. From an order denying plaintiff's motion to vacate and set aside an order discharging the named defendant from custody, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Alvin C. Cass, of New York City, for appellant.
James C. Danzilo, of Brooklyn, for respondents.

BURR, J.   In this action, which we have previously considered on an appeal from an order setting aside a verdict in plaintiff's favor and a judgment entered thereon, an order of arrest was issued, and defendant Domenico D'Achille was taken into custody.   When the case came on for trial, said defendant was brought before the court upon a writ of habeas corpus ad testificandum allowed by Mr. Justice Blackmar.   This writ directed the sheriff of the county of Kings to produce him before the Supreme Court to testify in this action, and contained a further provision:

> "That immediately after the said Domenico D'Achille shall have given his testimony in said action that you return him to your prison under safe and secure conduct."

After the jury had rendered their verdict on the trial of the issues in this action, the learned justice then presiding, in the absence of plaintiff's counsel and against the protest of his representative, and without any notice of any application therefor, either to the sheriff or to plaintiff, indorsed upon said writ an absolute order for the discharge of the prisoner.   Plaintiff thereupon moved to set such order aside, and from an order denying said application this appeal comes.

No authority exists for an order discharging a prisoner under the

circumstances here disclosed, and the learned counsel for respondents in his brief does not suggest any. Defendant was held in custody under a valid mandate issued by a justice of the Supreme Court. It appears without dispute that three separate applications had been made at a Special Term of the Supreme Court to vacate said mandate, and in each instance the application was denied. The prisoner was not before the Supreme Court, or the justice presiding at this trial, upon any writ affecting the cause of his detention. With one exception, such a writ can only be granted upon petition. Code Civ. Proc. § 2017. No petition was presented in this case. The exception referred to is where a justice of the Supreme Court has evidence in a judicial proceeding taken before him that any person is illegally imprisoned or restrained of his liberty within this state. In such case, although he may dispense with application for the writ by petition, the justice is still required to institute the proceeding by the issuing of ᷃ writ of habeas corpus. Id. § 2025. No such writ was issued. After the issuing of the writ, the person to whom it is addressed must make return thereto forthwith or within the time specified therein. Id. § 1998. If it appears upon the return to the writ that the prisoner is in custody by virtue of a mandate issued or made in a civil action, an order for the prisoner's discharge shall not be made until notice of the time when and the place where the writ is returnable has been given "to the person who has an interest in continuing the imprisonment or restraint." Id. § 2038. Every one of these statutory requirements was disregarded. Defendant was in lawful custody according to the decision of every court and justice who had passed upon the validity thereof, and these decisions the justice who granted the order appealed from had no power to review. So far as regularity of procedure is concerned, he might just as well of his own motion have written a letter to the sheriff instructing him to discharge the prisoner.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, and the order to discharge the prisoner should be vacated. All concur.